ORIGINAL

FILED
SEP 26 2007
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**(BID PROTEST)**

| | |
|---|---|
| **SERCO INC.,** | No. 07-691 C |
| **Plaintiff,** | Judge ____________ |
| **v.** | **REDACTED VERSION** |
| **THE UNITED STATES,** | |
| **Defendant.** | |

## COMPLAINT

Plaintiff Serco Inc., by its undersigned attorneys, hereby submits its Complaint and states and alleges as follows:

## NATURE OF THIS ACTION

1. This is an action by an interested party objecting to the award of contracts by the General Services Administration ("GSA") for a broad range of information technology services. This action seeks declaratory and injunctive relief.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1491(b)(1). There is no previous or pending related case at a court or a board of contract appeals.

## THE PARTIES

3. Plaintiff, Serco Inc. ("Serco") is a corporation organized under the laws of the State of New Jersey. Serco's principal place of business is located at 2650 Park Tower Dr. Suite 800, Vienna, VA 22180. Serco is engaged in the business of providing services, including the information technology services at issue here, to the Federal Government and other customers.

Serco's parent and affiliated corporations are engaged in providing such services on four continents.

4. Serco submitted a timely and acceptable proposal to GSA for the services in question. It is fully competent to provide those services. GSA evaluated Serco' proposal as acceptable and capable of performing the services being procured. Serco alleges that it would have received a contract award but for the illegal and improper actions of GSA detailed below. Accordingly, Serco is an interested party entitled to bring this action.

5. The United States has acted through GSA. The specific component of GSA involved in this procurement is the Enterprise GWAC Center, 9988 Hibert Street, Suite 310, San Diego, CA 92131.

**BACKGROUND**

6. On September 29, 2006, GSA issued solicitation number TQ2006MCB0001 (the "Solicitation" or the "RFP"). The Solicitation sought proposals for Government-wide Acquisition Contracts ("GWACs") for a program called Alliant. (RFP, Section B.1). GWACS are authorized pursuant to 40 U.S.C. § 1412(e). Under GWACs, various departments and agencies of the Federal Government could issue orders for the services included in the contracts. The maximum size of the Alliant program is $50 billion. (RFP, Section B.4). The contracts would last up to ten years. (RFP, Section F.2).

7. In the Solicitation, GSA announced that it intended to award more than one contract under the solicitation. (RFP, Section B.1). GSA stated that it would operate this GWAC as a multiple-award task order contract; such contracts are subject to 41 U.S.C. § 253h(d). Under this type of contract, the Government is able to compete task orders among the contract awardees, or some subset thereof. Specifically, GSA announced that it intended to award 25 to 30 contracts under the Solicitation.

8. The solicitation contemplated contracts under which the contractors could provide a very broad variety of information technology services to the Federal Government. (RFP, Sections C). Offerors were to propose a total of 80 different labor categories (RFP, Attachments J-2 & J-3).

9. The Solicitation was issued under the procedures for competitive proposals in Federal Acquisition Regulation ("FAR") Part 15. Pursuant to those procedures, the Solicitation announced that there were two Technical Evaluation subfactors and that they were of approximately equal importance: (1) Past Performance and (2) Basic Contract Plan. Combined, the two Technical Evaluation subfactors were significantly more important than the Cost/Price evaluation factor. The rating system for evaluation factors had five different levels, in descending order, as follows: (1) Exceptionally High Confidence, (2) Significant Confidence, (3) Acceptable Confidence, (4) Marginal Confidence, and (5) Little to No Confidence.

10. On November 17, 2006, Serco submitted a timely and acceptable proposal,

11. By letter dated July 31, 2007, GSA announced that it had received 66 proposals and awarded 29 contracts, but that Serco was not an awardee.

12. Serco submitted a timely written request for a debriefing. FAR 15.506 required such a debriefing. GSA acknowledged the request on August 2, and replied that it would provide a written debriefing, but it did not establish a date for the debriefing.

13. On August 29, Serco emailed GSA and inquired about the status of the debriefing. GSA did not respond to this inquiry.

14. On September 10, a Vice President of Serco contacted GSA and again inquired about the debriefing. He was informed that Federal Express had delivered it to the company on August 21. GSA ultimately provided a copy of the debriefing to Serco on September 11, 2007

15. Serco subsequently learned that the written debriefing had been addressed to a former

employee, and it was not discovered by those working on the Alliant procurement until after September 11.

16. On September 19, Serco submitted follow-up questions to the debriefing. As of the date of this Complaint, GSA has not responded to those questions.

17. GSA's written debriefing stated that it had rejected 4 of the 66 proposals and evaluated the remaining 62. GSA also said that it awarded these contracts based on initial proposals, and that it did not conduct discussions with offerors. GSA did not conduct discussions with Serco.

18. On September 25, 2007, counsel to Plaintiff provided pre-filing notification to the Department of Justice, the Clerk of this Court , GSA and, by U.S. mail to the 29 awardees.

**COUNT ONE – IMPROPER PAST PERFORMANCE EVALUATION**

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18.

20. Past Performance was one of two equally weighted components of the Technical Evaluation factor. Serco's proposal received a rating of [DELETED] for Past Performance, which was [DELETED].

20. With respect to Past Performance, GSA's written debriefing explained that it reviewed and evaluated nine references for Serco. It noted that [DELETED].

21. [DELETED].

22. [DELETED]. This failure violated FAR 15.305(a)(2), which requires that "context of the data and general trends in the contractor's performance shall be evaluated."

23. For this reason, GSA's evaluation of Serco's past performance was arbitrary and capricious. But for this error, Serco would have received [DELETED].

24. The Past Performance evaluation was also arbitrary and capricious for the following reason. The Solicitation instructed each offeror to provide a listing of up to 20 multiple-award

contracts and 50 others. [DELETED]. In the Solicitation, GSA announced that it would evaluate three references selected by each offeror, and others, which it would obtain independently, for a total of 10 references. (RFP, Section M.5.1.2). In the actual evaluation, GSA reduced this to 9 references. Thus, an offeror's evaluation was heavily dependent on which specific references GSA used for the evaluation. Selecting a few from many introduced a significant degree of randomness and uncertainty into the evaluation, which GSA did not take into account. The Past Performance evaluation is arbitrary and capricious for this reason as well, as is the source selection decision that depends on this evaluation.

**COUNT TWO – IMPROPER BASIC CONTRACT PLAN EVALUATION.**

25. Plaintiff incorporates by reference the allegations of paragraphs 1 through 24.

26. Basic Contract Plan was one of two equally weighted components of the Technical Evaluation factor. Basic Contract Plan was itself divided into three subfactors, in descending order of importance: (1) Resources, (2) Program Management, and (3) Corporate Commitment. Each subfactor had from three to six elements.

27. Serco received [DELETED] Serco received [DELETED]. This evaluation was arbitrary and capricious for the following reasons.

28. The Program Management subfactor had three elements. GSA's evaluation of Program Management had the following prejudicial defects.

a. The evaluation was not adequately documented. [DELETED] There is no explanation of how this conclusion was reached, whether any of the listed features of the proposal were strengths or weaknesses, or what the significance of any of the listed features were for the program or the evaluation. This is also true of the discussion of the three elements of this subfactor. They consist merely of a recitation

or summary of aspects of the proposal, without any analysis or judgment of any kind. This is particularly prejudicial since [DELETED] This failure violated FAR 15.305(a) and the standards of review in 5 U.S.C. § 706.1

b. The evaluation was internally inconsistent. [DELETED]. This inconsistency rendered the evaluation arbitrary and capricious.

c. The evaluation of Program Management also was factually erroneous. [DELETED] Therefore, the evaluation was arbitrary and capricious for this reason also.

d. Without these errors in the evaluation of Program Management, Serco would have been rated higher, [DELETED].

29. Corporate Commitment had six elements. GSA's evaluation of Corporate Commitment had the following prejudicial defects.

a. The evaluation was not adequately documented. [DELETED] but there is no explanation in the documentation of how this conclusion was reached, whether any of the listed features of the proposal were strengths or weaknesses, or what the significance of any of the listed features were for the program or the evaluation. This is particularly prejudicial since [DELETED]. As with the evaluation of Program Management, this failure violated FAR 15.305(a) (see note 1, *supra*) and the standards of review in 5 U.S.C. § 706.

b. The evaluation was internally inconsistent. [DELETED]. This inconsistency rendered the evaluation arbitrary and capricious.

---

1 FAR 15.305(a) requires that "The relative strengths, deficiencies, significant weaknesses, and risks supporting proposal evaluation shall be documented in the contract file." The mere listing of "attributes" does not meet this standard. And FAR 15.305(a)(3) requires that, where a tradeoff is performed, as here, there be "appropriate supporting narrative, of each technical

c. The evaluation of Corporate Commitment also was factually erroneous. [DELETED] Therefore, the evaluation was arbitrary and capricious for that reason also.

d. Without these errors in the evaluation of Corporate Commitment, Serco would have been rated [DELETED]

30. Resources had six elements. GSA's evaluation of Resources had the following defects.

a. The evaluation was not adequately documented and internally inconsistent. [DELETED] Again, there is no explanation in the documentation of how any conclusion was reached, what the significance of most of the listed features were for the program or the evaluation. This is particularly prejudicial since [DELETED]. As with the evaluations of Program Management and Corporate Commitment, these failures violated FAR 15.305(a) (see note 1, *supra*) and the standards of review in 5 U.S.C. § 706, and rendered the evaluation arbitrary and capricious.

b. Without these errors in the evaluation of Resources, Serco would have been [DELETED].

31. Thus, without the errors summarized above, Serco would have received a Technical Evaluation rating of [DELETED]. This would have lifted its technical ranking considerably, into the range of awardees. Accordingly, these errors were prejudicial.

---

proposal using the evaluation factors."

**COUNT THREE – IMPROPER TECHNICAL EVALUATION RANKING**

32. Plaintiff incorporates by reference the allegations of paragraphs 1 through 31.

33. In the written debriefing, GSA stated that Serco's proposal had been ranked [DELETED] for Past Performance, and [DELETED] for Basic Contract Plan (out of 62 total offerors evaluated). However, GSA also stated that Serco's proposal had been ranked as [DELETED] overall for Technical Evaluation factors.

34. Since Past Performance and Basic Contract Plan were the only two Technical Evaluation subfactors, and since they had equal weight, it is illogical that a company ranked [DELETED] and [DELETED] for these two subfactors could be ranked only [DELETED] overall. Instead, Serco's overall ranking for the Technical Evaluation factor should have been between [DELETED]. GSA's derivation of an overall Technical Evaluation ranking was arbitrary and capricious, and lacked a reasonable basis.

35. This error is especially significant because GSA's written evaluation noted that the offerors ranked 29th through 33rd in the Technical Evaluation were part of a special analysis to consider them for award, and one of these offerors actually did receive a contract award. Thus, the failure of GSA to properly combine the two subfactors into an overall Technical Evaluation ranking deprived Serco of this opportunity to receive further consideration for contract award.

**COUNT FOUR – IMPROPER BEST VALUE DETERMINATION**

37. Plaintiff incorporates by reference herein the allegations of paragraphs 1 through 36.

38. Under the Solicitation, GSA was obliged to evaluate an offeror's proposed price, as well as the cost constituents of that price. In its written debriefing to Serco, GSA claimed to have made such an evaluation.

39. Under the Solicitation, GSA promised to award contracts on a "best value" basis,

taking into account both the Technical Evaluation and the Cost/Price Evaluation. The two combined technical factors were described as significantly more important than cost/price.

40. Since the Technical Evaluation was subject to numerous flaws as described in Counts One through Three, Serco received a lower rating than it should have, and consequently a lower ranking. As a result, the best value analysis, which relied in large part upon the improper and incorrect Technical Evaluation, was itself flawed. A proper evaluation of Serco's proposal would have improved its ranking to the extent that it would have been in line for a contract award.

41. In its debriefing, GSA explained that the award decision was made by selecting the 28 offerors with the highest-ranking for Technical Evaluation. After reviewing those with Technical Evaluation rankings of 29 through 33, one more offeror was selected for award because of its "substantially lower prices." GSA then awarded contracts to these 29 offerors.

42. Because it selected 28 of the 29 offerors without consideration of cost or price, GSA diluted this factor to insignificance. This was inconsistent with the evaluation criteria in the Solicitation and in violation of 41 U.S.C. § 253b(a) and FAR 15.305(a). Further, it violates 41 U.S.C. § 253a(c), which requires that "cost or price to the Federal Government [is] an evaluation factor that must be considered in the evaluation of proposals."

43. In its written debriefing, GSA informed Serco that its proposal had ranked [DELETED] with respect to the Cost/Price Evaluation. It did not explain how it derived that ranking, nor did it explain how Serco's price compared with those of the 29 awardees.

44. Also in the written debriefing, GSA explained that it had compared Serco's proposal with the offerors "ranked [DELETED]" in the Technical Evaluation. It explained that these offerors were chosen because some of them were "[DELETED]." Offerors ranked [DELETED]. A comparison based on such a premise is irrational. A proper cost-technical tradeoff would have

compared Serco's proposal with those of higher-priced offerors whose technical scores were similar to, or slightly higher than, Serco's. In addition, GSA should have documented the reasons for such a tradeoff, and its failure to do so violated FAR 15.308.

45. GSA's written debriefing then stated that Serco did not receive an award on the basis of this comparison because "[t]he Government determined that [DELETED] (Emphasis added). This statement amounts to a mere tautology. There is no assertion [DELETED] Nor is there any reasoning or rationale stated from which one could derive such a conclusion. Indeed, the bald assertion that [DELETED].

**PREJUDICE, HARM AND RELIEF.**

46. The best value award decision had prejudicial errors described in Counts One through Four above. It was arbitrary and capricious, lacked a reasonable basis, and violated statute and regulation.

47. A declaratory judgment requiring proper enforcement and implementation of laws, regulations, and GSA's commitment to offerors in the Solicitation will provide a conclusive and practical resolution of this controversy.

48. GSA will suffer no injury, loss, or inconvenience by virtue of this Court's issuance of an injunction. To the contrary, GSA and the public will benefit from the proper enforcement of acquisition laws. Without an injunction, Serco will suffer irreparable injury; it will be barred from competing for Alliant orders for up to ten years.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor against Defendant as follows:

1. Declare unlawful the evaluation of proposals and resulting contract awards under the Solicitation; and

2. Order GSA to award a contract to Serco, or alternatively,

3. Order GSA to re-evaluate proposals in accordance with law, and to make new and proper source selections; and

4. Award Serco its costs and legal fees in this action as allowed by law; and

5. Grant such other and further relief as the Court determines to be just and appropriate.

Respectfully submitted,

Joseph J. Petrillo, Esq.
**PETRILLO & POWELL, PLLC**
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
(202) 887-0405
(202) 478-1656 fax
jp@petrillopowell.com

Counsel of Record for Plaintiff
Serco Inc.

Dated: September 26, 2007

Of Counsel:

Karen D. Powell, Esq.
**PETRILLO & POWELL, PLLC**
5335 Wisconsin Ave., Suite 440
Washington, DC 20015
(202) 887-0405
(202) 478-1656 fax
kdp@petrillopowell.com