# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## Bid Protest

| | | |
|---|---|---|
| **SERCO, INC.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 07-691 C** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES,** | ) | |
| **Defendant,** | ) | |
| **and** | ) | |
| **INDUS CORPORATION,** | ) | |
| **Defendant-Intervenor,** | ) | |
| **and** | ) | |
| **ELECTRONIC DATA SYSTEMS CORPORATION,** | ) | |
| **Defendant-Intervenor,** | ) | |
| **and** | ) | |
| **INTERNATIONAL BUSINESS MACHINES CORPORATION,** | ) | |
| **Defendant-Intervenor.** | ) | |

**MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION TO INTERVENE OF GENERAL DYNAMICS ONE SOURCE, LLC**

Counsel for General Dynamics One Source, LLC ("GD") has conferred with Plaintiff, Defendant, and Defendant-Intervenors. We are authorized to represent that none of the parties involved opposes granting this motion.

This is a bid protest challenging a contract award by the General Services Administration ("GSA") to Gd. Because GD is a contract awardee, it has a direct interest in the outcome of this case. The important interest of an awardee as an intervenor is reflected in this Court's standard post award protest practice of addressing a successful offeror's intervention at the initial status conference. *See* RCFC, App. C. § IV.8(b). Further, this Court routinely allows contract awardees to intervene as party-defendants in bid protests. *See, e.g., JWK International Corp. v. United States*, 49 Fed. Cl. 371, 385 (2001).

More specifically, as a successful offeror, GD is entitled to intervene as a matter of right because it has an interest relating to the subject matter of this action and is "so situated that the disposition of the action may as a practical matter impair or impede [GD's] ability to protect [it's] interest . . . ." RCFC 24(a)(2). In light of the fact that the protestor, SERCO, Inc., seeks to overturn the award, GD plainly has an interest in preserving its right to perform the contract it was awarded. The disposition of this protest could impair that interest. As able as Government counsel are, this interest is not adequately represented by the Government, whose primary goal is to address the procurement process and not directly to preserve GD's ability to perform under this contract.

Alternatively, GD moves for permissive intervention under Rule 24(b)(2), because (1) GD's motion was timely filed well before motions on the administrative record are to be filed; (2) GD's "claim or defense and the main action have a question of law or fact in common;" and (3) with no defendant intervenor actions required until November 15, 2007, GD's intervention will not unduly delay or prejudice adjudication of the action. RCFC 24(b)(2).

For the foregoing reasons, GD respectfully requests that the Court grant its Motion to Intervene.

Respectfully submitted,

s/ David A. Churchill

David A. Churchill
JENNER & BLOCK, LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC. 20005
Telephone: (202) 639-6056
Facsimile: (202) 637-6365

Counsel of Record for Intervenor,
General Dynamics One Source, LLC

*Of Counsel:*
W. Jay DeVecchio
Kevin C. Dwyer
JENNER & BLOCK, LLP

Dated: October 18, 2007