IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SERCO INC.; STANLEY ASSOCIATES INC.; CGI FEDERAL INC.; STG, INC.; ARTEL, INC.; ADVANCED TECHNOLOGY SYSTEMS INC.; APPTIS INC.; NORTEL GOVERNMENT SOLUTIONS, INC.; and CENTECH GROUP INC., | |
| Plaintiffs, | BID PROTESTS<br>Consolid. Nos. 07-691C, -732C, 741C, -747C, -760C, -761C, -766C, -771C, -803C<br>(Judge Allegra) |
| v. | |
| THE UNITED STATES, | |
| Defendant, | |
| and | |
| INDUS CORPORATION; ELECTRONIC DATA SYSTEMS CORPORATION; INTERNATIONAL BUSINESS MACHINES CORPORATION; and GENERAL DYNAMICS ONE SOURCE, LLC., | |
| Defendant-Intervenors. | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF SERCO INC.'S**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully responds to plaintiff Serco Inc.'s November 27, 2007 motion to supplement the administrative record. As we demonstrate below, the motion should be denied as procedurally or substantively infirm, or both.

## ARGUMENT

I. Serco's Motion Is Untimely By 46 Days

As a threshold matter, this motion is extraordinarily untimely. In its first scheduling order issued in this matter, dated October 1, 2007, the Court, among other things, directed Serco to file any motion to supplement the administrative record (with documents that were not before the agency) on or before October 12, 2007. Serco filed its motion 46 days after that deadline. Moreover, it has not sought the Court's permission to file out of time, or even sought to explain its extreme delay. Given these circumstances – including the clarity of the Court's admonitions to all parties concerning the importance of adhering to the schedule in this consolidated proceeding – Serco's motion should be stricken or denied upon procedural grounds alone.

II. Serco Fails To Show That Effective Judicial Review Requires Supplementation

In the event the Court considers Serco's motion upon its merits, no supplementation is appropriate. Review in bid protests is generally confined to the administrative record. Cubic Applications, Inc. v. United States, 37 Fed. Cl. 339, 342-43 (1997). The focal point of the Court's review should be "the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973).

Serco asserts that the information in its declarations falls within two "categories" of materials that may be added to an administrative record, citing factors enumerated in Esch v. Yeutter, 876 F.2d 976, 991 (D.C. Cir. 1989) (". . . (2) when the agency failed to consider [relevant] factors . . . [and] (6) . . . where agencies are sued for failure to take action"). Esch is arguably not good law even in the District of Columbia Circuit, much less in this Circuit. See Beverly Enterps., Inc. v. Herman, 130 F. Supp. 2d 1, 8 n.2 (D.D.C. 2000) (noting D.C.

Circuit has "limited [the] use" of Esch factors and termed them dicta in an unpublished decision); see also Saratoga Devel. Corp. v. United States, 21 F.3d 445, 458 (D.C. Cir. 1994) (noting, without discussing Esch, discovery beyond administrative record is permitted "only" absent a paper trail, or upon strong showing of bad faith or impropriety); Impresa Construzioni Geom. Domenico v. United States, 238 F.3d 1324, 1334 (Fed. Cir. 2001) (same).

The primary authority cited in Esch itself for the "factors" is a law review article, now more than 20 years old, co-authored by a member of the Esch panel. 876 F.2d at 991 n.166 (citing Stark & Wald, Setting No Records: The Failed Attempts to Limit the Record in Review of Administrative Action, 36 Admin. L. Rev.(1984)). And this Court recently observed that language in Esch is "heavily in tension with . . . Supreme Court precedents." ARINC Eng'g Servs. v. United States, 77 Fed. Cl. 196, 201 n.5 (2007) (citing Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743-44 (1985), and Camp v. Pitts, 411 U.S. at 142).

Even assuming Esch is applicable, however, the exceptions to the general rule against supplementation of the record are only triggered where "the omission of extra-record evidence precludes effective judicial review." Murakami v. United States, 46 Fed. Cl. 731, 735 (2000). "[T]he construction of these exceptions 'must be extremely limited,' lest the admission of evidence not considered by the agency below and its consideration by the court convert the 'arbitrary and capricious' standard into effectively de novo review." Id. (quoting American Mining Cong. v. Thomas, 772 F.2d 617, 626 (10th Cir. 1985)).

Serco's two declarations purportedly seek to explain what Serco characterizes as "negative" past performance information received by the General Services Administration ("GSA") from the Pension Benefit Guaranty Corporation. Serco fails to demonstrate that the

declarations fit within the narrow Esch exceptions. Serco cites no authority indicating that its attempts to explain its past performance constitute relevant factors that the agency "failed to consider." See Serco Mot. 2 (quoting Esch factor 2, 876 F.2d at 991). To the contrary, case law establishes that an agency is not required to provide bidders an opportunity to comment upon or clarify information used in past performance evaluations. E.g., JWK Intl. Corp. v. United States, 52 Fed. Cl. 650, 661 (2002). Not only are Serco's explanations unnecessary to permit effective judicial review; granting Serco's motion would likely trigger a flood of similar declarations by other protesters, effectively requiring the Court to engage in the very de novo review it eschews in these matters. Murakami, 46 Fed. Cl. at 735.

Serco also suggests the declarations should be added to the record because GSA is being "sued for failure to take action." Serco Mot. 2 (quoting Esch factor 6). That is simply incorrect, as a matter of law. These consolidated protests challenge GSA's affirmative decision to award contracts to 29 offerors, and not to others. Serco identifies no step that GSA has allegedly "failed to take." Cf. Heckler v. Chaney, 470 U.S. 821, 831 (1985) (finding no presumption of judicial review of "[r]efusals to take enforcement steps"). To the extent Serco's motion implies that GSA was obligated to allow Serco to explain its past performance evaluations, no such requirement existed, as already noted. JWK Intl., 52 Fed. Cl. at 661. Consequently, assuming Esch is applicable, Serco fails to satisfy Esch's standards for supplementation of the record.

## CONCLUSION

For these reasons, we respectfully request the Court to deny Serco's motion to supplement the administrative record.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Martin F. Hockey, Jr.
MARTIN F. HOCKEY, JR.
Assistant Director

s/Kyle Chadwick
KYLE CHADWICK
Senior Trial Counsel
ELIZABETH HOSFORD
JOHN TODOR
ANUJ VOHRA
Trial Attorneys
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L St., N.W.
Attn: Classification Unit - 8th Floor
Washington, D.C. 20530
Phone: (202) 616-0476
Fax: (202) 305-7644
E-mail: kyle.chadwick@usdoj.gov

OF COUNSEL:
MICHAEL J. ETTNER
Senior Assistant General Counsel
Personal Property Division
Office of General Counsel
General Services Administration

November 28, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2007, this document was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Kyle Chadwick