# In The United States Court of Federal Claims

Nos. 07-691C, 07-741C, 07-747C, 07-760C, 07-761C,
07-766C, 07-771C, and 07-803C

(Filed: January 31, 2008)

SERCO INC.; CGI FEDERAL INC.;
STG, INC.; ARTEL, INC.;
ADVANCED TECHNOLOGY SYSTEMS INC.;
APPTIS INC.; NORTEL GOVERNMENT
SOLUTIONS, INC.; and THE CENTECH GROUP, INC.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant,

and

INDUS CORPORATION;
ELECTRONIC DATA SYSTEMS CORPORATION;
INTERNATIONAL BUSINESS MACHINES CORPORATION;
STANLEY ASSOCIATES, INC.; and
GENERAL DYNAMICS ONE SOURCE, LLC,

Defendant-Intervenors.

## ORDER

On January 16, 2008, the court issued an order governing the conduct of the oral argument to be held in this case on February 4, 2008. That order is hereby supplemented, as follows:

1. The filings made by the parties in response to the January 16, 2008 order establish the allocation of the argument time that shall be allowed between various groupings of issues. Despite indications in the filings to the contrary:

   a. the allocation of time listed in those filings as between the cross-cutting issues and the unique issues may not be readjusted further; and

   b. the amount of time to be allocated to particular cross-cutting issues is reserved to the court.

2. Because multiple attorneys will be arguing the same issues, each attorney shall argue from a seated position, that is, not from the podium. Plaintiffs will share two counsel tables; defendant and defendant-intervenors will share one table. All tables will be equipped with microphones and monitor-access.

3. Seating will be provided at the respective counsel tables for one attorney for each of the plaintiffs and the arguing defendant-intervenors; defendant shall have two seats at defendant's counsel table. In addition, one seat at each counsel table will be unallocated and may be used, by mutual agreement of the relevant parties, for *inter alia*, a technology assistant – that seat may be rotated, as necessary. Counsel for defendant-intervenors who are not arguing may be seated at defendant's counsel table, as space allows.

4. All other representatives of the parties must be seated in the gallery portion of the courtroom. Again, only those individuals admitted under the Protective Order shall be permitted in the courtroom. Out of courtesy to the court and to those arguing, pagers, cell phones and other portable communication devices should be turned off prior to entering the courtroom.

5. A lighting system will be employed to assist counsel in managing their time. For the lengthier sessions, a yellow warning light will appear when twenty minutes of time for that side remains; in the shorter sessions dedicated to the plaintiffs' unique issues, a yellow warning light will appear when two minutes of time for that plaintiff remains. The court will not suspend the running of time for minor delays and otherwise will enforce the timing provisions strictly.

6. The court reminds the parties that it expects them to be thoroughly familiar with the record and to cite the record accurately – attorneys should be prepared to cite to specific pages of the administrative record, as the need arises.

7. Any remaining questions regarding logistics should be directed immediately to Deputy Clerk Jim Wang, who may be reached at (202) 357-6445.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge